UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 25-cv-899

PINKI BORKAR,

Plaintiff,

vs.

CLASSICA CRUISE OPERATOR LTD. INC.
d/b/a MARGARITAVILLE AT SEA, LLC.,
A Foreign Limited Liability Company.

Defendant.
_____/

# COMPLAINT

The Plaintiff, PINKI BORKAR, hereinafter, "BORKAR", files this Complaint against the Defendant, CLASSICA CRUISE OPERATOR LTD. INC., d/b/a MARGARITAVILLE AT SEA, LLC, a Foreign Limited Liability Company, hereinafter, "MARGARITAVILLE", and alleges as follows:

As to All Counts

JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over this action as the Plaintiff's claims are for damages in excess of seventy-five thousand dollars ($75,000.00) exclusive of all attorney's fees, costs and interest, and pursuant to 28 U.S.C. sec. 1333, the *Savings to Suitors Clause*, as Plaintiff's claims arise under the Jones Act, 46 U.S.C. sec. 688 et seq., and General Maritime Law as recognized by the courts of these United States and the courts of the state of Florida. Further,

the Defendant, "MARGARITAVILLE", has an office and operates its' business out Orange County, Florida.

2. At all times material herein the Defendant, MARGARITAVILLE, was the owner and/or operator of the vessels in question which give rise to this dispute and/or was the bareboat charterer and/or was the owner pro hac vice, thereof, in coastwise, inter-coastal and foreign commerce. Additionally, the Defendant was the employer of the Plaintiff at all material times.

3. At all times material hereto, Defendant, MARGARITAVILLE:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

(b) Was engaged in substantial activity within this state; and

(c) Operated vessels in the waters of this state.

4. Defendant is therefore subject to the jurisdiction of this court.

5. The causes of action asserted in this Complaint fall under the Jones Act, 46 U.S.C. section 688, and General Maritime Law of the United States and Florida Statute 586.011, Declaratory Judgment.

6. At all times material hereto, Defendant operated, managed, maintained and/or controlled the subject vessels on which PINKI BORKAR was employed as a seaman.

7. At all times material hereto, Plaintiff, PINKI BORKAR, was a citizen of the India, over the age of eighteen (18), who worked for the Defendant as a seaman and a client services associate aboard Defendant's vessel in 2025.

8. MARGARITAVILLE employed the Plaintiff pursuant to an employment contract aboard its' vessels as a seaman in 2025.

9. At all material times, the Plaintiff, a forty-four (44) year old gentleman from India, worked as a seaman for the Defendant as a client services associate.

10. At all times material hereto, Plaintiff, was performing his duties as a member of the vessel as a seaman, while the Defendant's subject vessels were in operation on navigable waters. Plaintiff is therefore also subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

Plaintiff re-adopts and re-alleges paragraphs 1 through 10 above and states:

11. On or about March 10 and March 11, 2025, the Plaintiff was accused by his superiors from Defendant of "stealing" casino chips.

12. The Plaintiff did, and continues, to deny these allegations.

13. The Defendant's Human Resource Managers, Security, and Guest Services Managers conducted an "investigation" beginning March 11, 2025. Over the course of four (4) days the investigation continued and the Plaintiff, as a result of what he thought was stress, began to exhibit pains in his chest which he complained about on the Defendant's vessel.

14. The Plaintiff went to the ship's infirmary twice with these complaints of unbearable chest pain.

15. As a result of the "investigation" the Plaintiff was terminated on March 16, 2025 and sent home on his own to India. Plaintiff was forced to repatriate at his own cost with further NO medical care.

16. Upon his return home the Plaintiff went to a medical facility, on his own, and was diagnosed with fibroid tumors in his chest (the cause of his chest pain on the ship) which currently require surgical intervention.

CASE NO: 25-cv-899

17. A month later, Vikand, the Defendant's medical agent contacted the Plaintiff. Currently, Plaintiff is receiving medical care but still has not been reimbursed any expenses, provided his unearned wages, and further has not been paid anything, not a penny, for maintenance and cure which he is entitled to under the law.

## COUNT I
## FAILURE TO PROVIDE APPROPRIATE MAINTENANCE AND CURE

Plaintiff readopts and re-alleges the allegations contained in Paragraphs 1 through 17, and further states:

18. The Defendant, MARGARITAVILLE, as the contractual employer of the Plaintiff, owes Plaintiff a General Maritime non-delegable duty to provide maintenance and cure for any and all medical conditions he contracted while in the service of the vessel. The Defendant is also responsible to treat any medical condition which manifested while Plaintiff was convalescing shore side, this would specifically include treatment for his chest fibroid tumors.

19. Plaintiff while in the employ of the Defendant vessel became injured as described above. Despite repeated and ongoing requests, the Defendant refused to fully comply with its' obligations to provide maintenance, and proper and adequate cure, to the Plaintiff. The precise amounts owed for maintenance and cure and/or the exact dates for which such payments were due, will be determined through discovery. At this time the Plaintiff is still owed Maintenance from March 16, 2025 through the date of the filing of this Complaint.

20. Instead of providing prompt and adequate medical treatment to the Plaintiff which Defendant knew was necessary, Defendant ignored the Plaintiff's repeated requests for maintenance and cure, for timely diagnostic testing, for the interpretation of such tests, for appropriate treatment by specialists, and for appropriate medical care. This delay resulted in the worsening of Plaintiff's multiple medical conditions and the Plaintiff endured additional pain, suffering, disability, scarring

and disfigurement. The delay and withholding of the Plaintiff's maintenance and cure by the Defendant aggravated all of the Plaintiff's underlying medical conditions. Specifically, the Defendant has not paid the Plaintiff ANY Maintenance despite acknowledging his medical issues and providing cure.

21. Any cure that Plaintiff did receive was inadequate, resulting in a further worsening of his condition, and extreme pain and suffering to Plaintiff.

22. The Defendant acted and continues to act in a **willful, arbitrary and/or callous** manner by ignoring Plaintiff's need for medical treatment and maintenance and cure and by refusing to pay all of Plaintiff's unearned wages or any maintenance until Plaintiff was forced to hire counsel to pursue said wages and all of his maintenance and cure rights. The Plaintiff is owed Maintenance and Cure as of March 16, 2025 until the present date and through the filing of this Complaint.

23. The Defendant breached its' obligations to provide maintenance and cure to the Plaintiff and therefore the Plaintiff never reached maximum medical improvement.

24. As a direct and proximate result of the Defendant's persistent failure to provide maintenance and proper cure, Plaintiff was injured in and about his body and extremities, and suffered, including but not limited to the following, pain, both past and future, therefrom, suffered mental and emotional distress, mental anguish, suffered significant scarring, suffered aggravation of pre-existing conditions or injury, incurred medical expenses in the care and treatment of his injuries, both past and future, and requires further medical care in the future including care for his fibroid chest tumors, suffered physical handicap, disability, expenses, attorney's fees, sustained the loss of ability to enjoy and lead a normal life, lost wages, the loss of future earning capacity, tips, and fringe benefits and his ability to work was impaired. In addition, the Plaintiff incurred out of pocket expenses as a result of the Defendant's actions. Plaintiff's injuries are permanent and

CASE NO: 25-cv-899

continuing in nature, and Plaintiff will suffer losses and impairments in the future and will require ongoing medical treatment and care for the remainder of his life.

25. The Plaintiff was forced to hire counsel to pursue his remedies and is obligated to pay attorney's fees and costs.

26. Plaintiff's injuries were caused wholly and solely by the negligence of the Defendant, its' agents, servants and/or employees, as more specifically set forth above.

**WHEREFORE**, Plaintiff demands judgment and the provision of all of Plaintiff's past maintenance and cure from March 16, 2025 to the present, together with pre and post judgment interest, costs, and attorney's fees, and for all other damages allowed by law including but not limited to, any and all compensatory and consequential damages, as described above, for the aggravation of Plaintiff's medical conditions as a result of the failure to provide Plaintiff with appropriate maintenance and cure, as well as punitive damages, against the Defendant, MARGARITAVILLE, and any other relief this Court deems appropriate under the circumstances. The Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands a bench trial on this count, as his right under General Maritime Law.

DATED THIS 22nd day of May 2025

Respectfully submitted,

Louis A. Vucci, PA
Attorney for Plaintiff
1 SE 3rd Avenue, Suite 3020
Miami, Florida 33131
Tel: (305) 573-0125
Fax: (786) 536-7799

By: /s/ *LOUIS A. VUCCI, ESZ.*
Louis A. Vucci, Esq.
Fla. Bar No.: 131581